Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO ARROYO BEACH RESORT Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>ONE ALLIANCE INSURANCE CORPORATION<br><br>Parte Peticionaria | KLCE202301208 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil núm.: AY2019CV00106<br><br>Sobre: Seguros-Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de febrero de 2024.

La parte peticionaria, One Alliance Insurance Corporation (en adelante One Alliance o parte peticionaria), solicita que revoquemos la *Resolución* emitida el 20 de septiembre de 2023, notificada en igual fecha, por el Tribunal de Primera Instancia, Sala de Guayama. Mediante el referido dictamen, el foro primario autorizó el nombramiento de un (1) solo tasador para el procedimiento de valorización *(appraisal)* ante la Oficina del Comisionado de Seguros (en adelante OCS) y concedió término a One Alliance para informar el nombre del tasador, bajo apercibimiento de sanciones.

Examinada la solicitud de One Alliance, así como la *Oposición a "Petición de* Certiorari", presentada por la parte recurrida, resolvemos denegar la expedición del auto de *certiorari*.

I.

El 4 de septiembre de 2019, la parte recurrida, compuesta por el Consejo de Titulares del Condominio Arroyo Beach Resort, Attenure Holdings Trust 9 y HRH Property Holding LLC (en adelante

Consejo de Titulares o parte recurrida), instó una demanda sobre incumplimiento de contrato de seguros por reclamación relacionada al Huracán María en contra de One Alliance.

Luego de varios trámites procesales, el 27 de abril de 2020, la parte recurrida presentó *Moción Solicitando Autorización para referir controversia sobre los daños al proceso de "Appraisal" establecido por la Ley 242.*[1] One Alliance se opuso al referido de *appraisal.* Luego, el 17 de julio de 2020 el TPI emitió *Resolución* en la que refirió el caso a la OCS para el procedimiento *appraisal,* de conformidad con la Ley 242-2018.[2] Posteriormente, el foro *a quo* dejó sin efecto dicho referido en lo que las partes resolvían unas controversias. Posteriormente, el 9 de mayo de 2023, el foro de instancia refirió el caso al procedimiento de *appraisal* y paralizó los procedimientos en el TPI hasta que concluyera dicho trámite en la OCS. En su resolución, el TPI señaló que las disposiciones de la CN-2019-248-D aplicaban en todo su vigor en todas aquellas disposiciones que fueran compatibles con el proceso judicial.

El 11 de mayo de 2023, One Alliance acudió ante este foro apelativo vía *certiorari* (KLCE202300527) en revisión de la denegatoria de una solicitud de sentencia sumaria parcial. En igual fecha, One Alliance presentó una *Moción en Solicitud de Auxilio de Jurisidicción* en la que solicitó la paralización del procedimiento de *appraisal.* El 16 de mayo de 2023, este tribunal intermedio declaró No Ha Lugar la solicitud de auxilio de jurisdicción y denegó expedir el auto.[3]

El 10 de julio de 2023, la parte recurrida presentó ante la OCS el formulario *Request for Appraisal Proceeding* y anunciaron a la

---

[1] Véase, entrada Núm. 16 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase, *Resolución* emitida y notificada el 15 de julio de 2020, Entrada Núm. 28 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase, Resolución emitida el 16 de mayo de 2023 en el KLCE202300527.

Lcda. Lizzette Santiago como su tasador.[4] Luego de varios escritos de oposición presentados por las partes, One Alliance anunció como tasadores al Lcdo. Jaime Mayol Bianchi y a Dyrek Engineering Services, Inc., el cual incluía tres (3) tasadores adicionales. La parte recurrida acudió ante el Tribunal mediante *Urgente Solicitud de Orden con Relación a Tasadores Nombrados por One Alliance* en la que se opuso a que One Alliance informara cuatro (4) tasadores para el proceso de *appraisal.* Sostuvo que nombrar cuatro tasadores incumplía con el propósito de la Ley 242-2018, supra, y que permitir que las partes nombren un sin número de tasadores en el proceso de *appraisal,* tendría el efecto de complicar el proceso y frustrar el propósito por el cual se creó.

Por su parte, One Alliance se opuso afirmando que una parte puede estar compuesta por más de un individuo. En adición, aludió a una comunicación de la OCS del 18 de agosto de 2022 en el caso *Consejo de Titulares Miradores del Yunque v. One Alliance Insurance Co., FA2019CV01105.* En la comunicación emitida en dicho caso, la Comisionada Auxiliar María Marín concluyó que el nombramiento de dos (2) tasadores por parte del asegurador no representa un incumplimiento con la CN2019-248-D, debido a que de la carta normativa no se desprende que se limite la cantidad de tasadores por cada una de las partes. En dicha misiva, la Comisionada Auxiliar especifica que "al momento de la decisión en cuanto a la determinación del informe del árbitro, solo contará como uno (1) la representación de cada una de las partes".[5]

El 20 de septiembre de 2023, el TPI emitió la resolución recurrida. En esta, el foro primario permitió el nombramiento de un (1) solo tasador y le concedió término a One Alliance para informar el nombre de su tasador, bajo apercibimiento de sanciones.

---

[4] Apéndice del recurso, págs. 24-26 y 30-31.
[5] Apéndice del recurso, pág. 135.

Inconforme, el 3 de octubre de 2023, One Alliance solicitó reconsideración, la cual fue denegada por el foro primario el 3 de octubre de 2023.

Insatisfecho con el dictamen, el 3 de noviembre de 2023, One Alliance acude ante este foro apelativo y formuló los siguientes señalamientos de error:

A. ERRÓ EL TPI AL ADJUDICAR, <u>SIN JURISDICCIÓN PARA ELLO,</u> UNA CONTROVERSIA SUSCITADA EN EL PROCEDIMIENTO ADMINISTRATIVO DE "APPRAISAL" <u>QUE NO HA CULMINADO Y ESTÁ VENTILÁNDOSE</u> ANTE LA OCS; MIENTRAS ESTÁN PARALIZADOS LOS PROCEDIMIENTOS ANTE EL TPI MEDIANTE RESOLUCIÓN FINAL, FIRME E INAPELABLE.

B. ERRÓ EL TPI AL NO OTORGAR LA DEFERENCIA Y RESPETO QUE MERECE LA OCS POR CONDUCTO DE LA COMISIONADA AUXILIAR, EN CUANTO A SU ALTAMENTE PERSUASIVA DETERMINACIÓN DEL 18 DE AGOSTO DE 2022. ES LA OCS (Y NO EL TPI) LA AGENCIA ADMINISTRATIVA, POR VIRTUD DE LEY, ENCARGADA DE INTERPRETAR SUS REGLAS Y NORMAS, INCLUYENDO SU CARTA NORMATIVA 2019-248-D.

II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[6]

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[7] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos

---

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si debemos expedir un auto de *certiorari.* Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

---

[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

III.

En su recurso, One Alliance alega que el foro primario incidió al adjudicar una controversia surgida en el proceso de *appraisal* ante la OCS y no otorgar deferencia a la comunicación de la Comisionada Auxiliar correspondiente al caso FA2019CV01105, la cual considera es de alto valor persuasivo para el caso ante nuestra consideración. En su reclamo One Alliance pretendía que se le permitiera más de un tasador que los representara como parte del proceso. Ante la controversia, el TPI mediante Resolución solo permitió un (1) solo tasador para cada parte, como representante ante el árbitro.

En su recurso la parte peticionaria no presentó argumentos que demostraran que, al emitir su determinación, el TPI actuó de forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho.  Lo anterior, al amparo de la Ley Núm. 242-2018, 26 LPRA sec. 1119 y de la Carta Normativa CN-2019-248-D de 20 de marzo de 2019.

En fin, al evaluar la petición de *certiorari*, concluimos que el asunto no está contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, y tampoco cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40.

Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

IV.

Por lo anteriormente expuesto, se deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones